GREENBERG TAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
MICHAEL J. CHILLEEN (SBN 210704)
3161 Michelson Drive, Suite 1000
Irvine, CA 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Emails: hurleyg@gtlaw.com
chilleenm@gtlaw.com

Attorneys for Defendants COVENANT CARE LLC,
COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND
REHABILITATION CENTER, and LA JOLLA - CAL ASSOCIATES L.P.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COVENANT CARE LLC; COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND REHABILITATION CENTER; LA JOLLA - CAL ASSOCIATES L.P.; and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No. 3:11-cv-01379-CAB (WMC)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COVENANT CARE LLC, COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND REHABILITATION CENTER, and LA JOLLA - CAL ASSOCIATES L.P.'S MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>Magistrate: Hon.William McCurine, Jr.<br><br>Date: N/A<br>Courtroom: Hon.William McCurine, Jr.<br>Trial Date:　None Set |

# INTRODUCTION

Defendants hereby request that the Court extend the motion cut-off date until November 30, 2012 so they can complete modifications to the subject property and bring a summary judgment motion based on their remedial efforts. As explained below, good cause exists to modify the scheduling order because (1) despite their diligent efforts, Defendants have been unable to complete construction due to the inherently slow approval process and granting Defendants' motion would result in judicial economy with no prejudice to Plaintiff; and (2) Defendants' motion involves jurisdictional issues such as standing and mootness which the Court is required to address at all times, even if not timely raised. In the alternative, Defendants request that the Court stay this case and set a status conference for November 30, 2012.

# ARGUMENT

## I. GOOD CAUSE EXISTS TO CONTINUE THE MOTION CUT-OFF DEADLINE OR IN ALTERNATIVE ISSUE A STAY UNTIL NOVEMBER 30, 2012.

Under F.R.C.P. 16(b), a scheduling order may be modified upon a showing of good cause. As noted by the Advisory Committee, the liberal good-cause standard is used to modify scheduling orders, rather than allowing modification only in cases of manifest injustice as is done for other pretrial orders, in recognition that the scheduling order is entered early in the litigation and that if a stricter approach to modification were adopted, counsel would be encouraged to request the longest possible time periods for fear that an extension would not be forthcoming. *See* Advisory Committee Note to the 1983 amendments to Rule 16.

The good-cause standard is routinely met when the moving party could not meet the original deadlines despite its diligence <u>or</u> when the moving party seeks to extend the dispositive motion deadline because doing so promotes the interests of judicial economy by potentially narrowing the issues for trial. *See, e.g., Eischeid v. Dover Const. Inc.*, 217 F.R.D. 448, 455 (N.D. Iowa 2003) (finding good cause to extend motion deadline despite moving party's lack of diligence because summary judgment motion presents "the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, makes possible a smoother, more coherent, and briefer presentation of the case to a jury"); *Crane Const. Co. v. Klause Masonry*, 71 F.Supp.2d 1138,

1144 (D. Kan. 1999) (finding good cause to consider defendant's late motion despite defendant's lack of diligence because the parties "would incur needless expense in preparing for trial, and the court would waste judicial resources"); *Tran v. Captain Glyn, Inc.*, 909 F.Supp. 727, 731 (D. Haw. 1995) (finding good cause to consider defendant's late motion despite defendant's lack of diligence because "Rule 16 (pretrial orders) and Rule 56 (summary judgment) share the purpose of narrowing issues for trial where appropriate, and this court is guided by that purpose here").

The Ninth Circuit has repeatedly held that efficiency concerns supply the requisite good cause to modify the scheduling order to permit the filing of dispositive motions. *See, e.g.*, *Walker v. Pete*, 2003 WL 22203790, **1 (9th Cir. 2003) (good cause existed to modify the scheduling order to permit defendants to file a motion for summary judgment because "modification was in the interest of judicial economy"); *O'Connell v. Potter*, 2008 WL 1776985, **1 (9th Cir. 2008) (good cause existed to modify the scheduling order to permit defendant to file a summary judgment motion because "by granting the motion, the district court more efficiently handled the case"); *Pasatiempo v. England*, 2005 WL 481612 (9th Cir. 2005) (good cause existed to modify scheduling order which extended the deadline for filing dispositive motions).

As the Court is surely aware, ADA barrier cases -- such as this one -- are usually efficiently decided on the papers on mootness grounds, without the need for an expensive, protracted trial. *See, e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, *see id.,* a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim"); *Martinez v. Columbia Sportswear USA Corp.*, 2012 WL 1640584 (E.D. Cal. 2012) (granting defendant's summary judgment motion because its remedial efforts rendered the plaintiff's ADA claims moot); *Chapman v. Starbucks Corporation*, 2011 WL 66823 (E.D. Cal. 2011) (same); *Wilson v. PFS*, 2007 WL 2429391 (S.D. Cal. 2007) (same).

Due to efficiency and fairness concerns, courts will typically either stay litigation or modify the scheduling order to permit a defendant to complete all remedial work. The case of *Sanford v. Capital City Restaurants, Inc.*, 2006 WL 5003842 (E.D. Cal. 2006) is illustrative. There, the plaintiff filed a lawsuit alleging that the defendants' restaurant violated the ADA due to the existence of architectural

barriers.  The defendants moved to stay the action on the grounds that they intended to demolish and rebuild their restaurant to provide disability access, which would render the plaintiff's ADA claims moot.  The court granted the defendants' motion, holding that "the orderly course of justice will clearly be served by the grant of a stay."  *Id*. at *2.

Here, at the outset of the case, the Court granted *both parties*' request to stay the lawsuit so Defendants could remedy any allegedly non-compliant items at the subject property.  (Chilleen Decl. ¶3.)  However, when Defendants did not agree to unequivocally remedy all alleged barriers including those for which Plaintiff lacks standing to sue, Plaintiff requested that the stay be lifted and the Court did so.  (Id.).  At that time, *both parties* requested that the pretrial deadlines be set out further than usual because addressing the alleged architectural barriers would require not only City approval, but also OSHPD approval (since the subject property is a skilled nursing facility) and the approval process is notoriously slow.  (Id.).  At that time, the Court was unwilling to grant the parties' joint request, but said it was willing to revisit the issue at a later time.  (Id.).  That time has now come.  Despite their diligence, due to the inherent slow approval process, Defendants have just recently gotten OSHPD/City approval for the planned modifications to the subject property and the necessary permits.[1]  Construction began on September 4, 2012 with an overall completion date of November 16, 2012. (Reynolds Decl. ¶2.)  This schedule is firm and includes 3 weeks of "float time" to cover any unforeseen contingencies.  (Id.).  Thus, Defendants request that the Court continue the motion cut-off deadline until November 30, 2012 which gives Defendants two weeks (including a shortened holiday work week) to document the fixes and put together a motion for summary judgment.  Alternatively, the Court should stay this action until November 30 and set a status conference on that date.[2]

---

[1] Neither at the telephonic conference nor in the parties' Joint Statement did Plaintiff contend that Defendants were not diligent.  Nor is diligence required since efficiency concerns supply the requisite good cause in this case.  In any event, the declaration of Randy Dettmer, Defendants' architect, shows that Defendants have been diligent and could not have reasonably met the original pretrial deadlines -- as predicted by both parties at the outset of the case.  Due to the voluminous nature of the construction-related documents, Defendants have not attached them here, but they are available should the Court wish to see them.  Defendants have been producing all construction-related documents to Plaintiff as they receive them. (Chilleen Decl. ¶ 4.)

[2] The factors governing a motion to stay are prejudice to the parties and "the orderly course of justice -- in terms of simplifying or complicating the issues, proof, and questions of law which could be expected to result from a stay" -- all of which favor a stay as explained herein.  *Sanford, supra* at *1, fn. 1.

3

POINTS & AUTH. ISO MOTION TO MODIFY SCHEDULING ORDER          CASE NO. 3:11-cv-01379-CAB (WMC)

It is predicted that Plaintiff will oppose Defendants' motion on the ground that it will somehow unfairly prejudice him.  At the telephonic hearing, the only "prejudice" Plaintiff could articulate is that he would have to oppose Defendants' anticipated summary judgment motion.  (Chilleen Decl. ¶4.)  It goes without saying that having to oppose a motion that involves issues which have to be addressed at some point in the litigation does not amount to prejudice.  *See, e.g.*, *Eischeid v. Dover Const. Inc.*, 217 F.R.D. 448, 455 (N.D. Iowa 2003) ("where the issues raised in the belated motion must inevitably be addressed by the Court either prior to or in the course of trial, the opposing party cannot claim prejudice").  To the contrary, a summary judgment motion presents "the most efficient method for addressing the legal issues presented, the fairest opportunity for all parties to be heard on those issues, and, ultimately, makes possible a smoother, more coherent, and briefer presentation of the case to a jury." *Id*.  Plaintiff's claim of prejudice is especially dishonest when one takes into account that no trial date has been set and the parties jointly requested longer pretrial deadlines at the outset of this case because it was anticipated that Defendants would not be able to complete modifications under the given deadlines.

Moreover, denying Defendants' motion would be unfair because through no fault of their own, Defendants would then not have the opportunity to pursue their mootness defense and would instead be forced to needlessly engage in an expensive and protracted trial on issues that could have been disposed of by way of motion.  It cannot reasonably be disputed that granting Defendants' a short extension will save judicial and the parties' resources since the Court would otherwise have to address Plaintiff's ADA claims at trial.  It would be illogical and inequitable for any litigation to continue over Plaintiff's ADA claims.  Spending a lot of time and money litigating an ADA injunctive relief claim on a building that is being modified is simply unreasonable.  Plaintiff is a serial ADA plaintiff who files numerous lawsuits to extort monetary settlements -- surely, he can focus on those other lawsuits for the moment.  *See, e.g., Doran v. Del Taco, Inc.*, 373 F.Supp.2d 1028, 1030 (C.D. Cal. 2005) (discussing and commenting on abusive "shakedown schemes"); *Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278, 1280-82 (M.D. Fla., 2004) (referring to serial ADA plaintiff as a "professional pawn in an ongoing scheme to bilk attorney's fees"); *Steven Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1375 (M.D. Fla. 2004) (calling for a legislative solution to the unchecked potential for vexatious ADA litigation); *Molski v. Mandarin Touch*

4

*Restaurant*, 347 F.Supp.2d 860, 862 (C.D. Cal. 2004) (noting that marked rise in ADA lawsuits has turned ADA litigation into a "cottage industry" of "systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements").

Finally, because Defendants' contemplated summary judgment motion implicates *jurisdictional issues* such as standing and mootness, good cause also exists to extend the motion cut-off date because the Court has a duty to address such issues at all stages of the litigation *sua sponte* or whenever they are brought to the Court's attention, even if not timely raised. See, e.g., *Iturralde v. Shaw Group, Inc.*, 2012 WL 1565356, *1 (M.D. La. 2012) (finding good cause to extend motion deadline because untimely motion involved court's subject matter jurisdiction and thus the court had to consider it despite its untimeliness); *Tran v. Captain Glyn, Inc.*, 909 F.Supp. 727, 731 (D. Haw. 1995) (same); *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (holding in an ADA barrier case that federal courts are required *sua sponte* to examine jurisdictional issues such as standing); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) (same).

## CONCLUSION

For the above reasons, Defendants respectfully request that the deadline to file dispositive motions be extended until November 30, 2012. In the alternative, Defendants request that the Court stay this case and schedule a status conference for November 30, 2012.

DATED: September 5, 2012    GREENBERG TRAURIG, LLP

By /s/ Michael J. Chilleen
   Gregory F. Hurley
   Michael J. Chilleen
   Attorneys for Defendants
   COVENANT CARE LLC, COVENANT CARE
   LA JOLLA, LLC dba LA JOLLA NURSING
   AND REHABILITATION CENTER, and LA
   JOLLA - CAL ASSOCIATES L.P
   Emails: hurleyg@gtlaw.com
   chilleenm@gtlaw.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On the below date, I served **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COVENANT CARE LLC, COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND REHABILITATION CENTER, and LA JOLLA - CAL ASSOCIATES L.P.'S MOTION TO MODIFY THE SCHEDULING ORDER** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Jordan Metz<br>Mary Lim<br>Barbosa, Metz & Harrison, LLP<br>139 Richmond Street<br>El Segundo, CA  90245<br>Tel:    (310) 414-9400<br>Fax:    (310) 414-9200<br>jmetz@bhmlegal.com;<br>mlim@bmhlegal.com | Attorneys for Plaintiff<br>DENNIS SHARP |

☒ **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on **September 5, 2012** at Irvine, California.

/s/ Michael J. Chilleen
Michael J. Chilleen