1  GREENBERG TRAURIG, LLP
   GREGORY F. HURLEY (SBN 126791)
2  MICHAEL J. CHILLEEN (SBN 210704)
   3161 Michelson Drive, Suite 1000
3  Irvine, CA 92612
   Telephone:  (949) 732-6500
4  Facsimile:  (949) 732-6501
   Emails:  hurleyg@gtlaw.com
5  chilleenm@gtlaw.com

6

7  Attorneys for Defendants COVENANT CARE LLC,
   COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND
8  REHABILITATION CENTER, and LA JOLLA - CAL ASSOCIATES L.P.

9              UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12 DENNIS SHARP,                          Case No. 3:11-cv-01379-CAB (WMC)

13           Plaintiff,                   **DECLARATION OF MICHAEL J.
                                          CHILLEEN IN SUPPORT OF
14 vs.                                    DEFENDANTS' MOTION TO MODIFY
                                          THE SCHEDULING ORDER**
15 COVENANT CARE LLC; COVENANT
   CARE LA JOLLA, LLC dba LA JOLLA        Magistrate: Hon.William McCurine, Jr.
16 NURSING AND REHABILITATION
   CENTER; LA JOLLA - CAL                 Date: N/A
17 ASSOCIATES L.P.; and DOES 1 through    Courtroom:  Hon.William McCurine, Jr.
   10, Inclusive,                         Trial Date:    None Set
18
19           Defendants.
20
21
22
23
24
25
26
27
28

I, Michael J. Chilleen, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am Of Counsel with the law firm of Greenberg Traurig LLP and an attorney of record in this case representing Defendants Covenant Care LLC; Covenant Care La Jolla, LLC dba La Jolla Nursing and Rehabilitation Center; La Jolla - Cal Associates L.P.'s (collectively hereinafter "Defendants"). I am licensed to practice law in the State of California and the United States District Court for the Southern District of California. I make this Declaration based on my own personal knowledge of the matters set forth herein. If called as a witness in this case, I could and would competently testify as follows:

2.      On July 25, 2011, the Court stayed discovery until after the Rule 26(f) conference which was to be completed by October 17, 2011. On January 19, 2012, Plaintiff filed his First Amended Complaint to allege numerous additional barriers. On January 23, 2012, the Court issued a scheduling order.

3.      At the outset of the case, the Court granted *both parties*' request to stay the lawsuit so Defendants could remedy any allegedly non-compliant items at the subject property. However, when Defendants did not agree to unequivocally remedy all alleged barriers including those for which Plaintiff lacks standing to sue, Plaintiff requested that the stay be lifted and the Court did so. At that time, *both parties* requested that the pretrial deadlines be set out further than usual because addressing the alleged architectural barriers would require not only City approval, but also OSHPD approval (since the subject property is a skilled nursing facility) and the approval process is notoriously slow. At that time, the Court was unwilling to grant the parties' joint request, but said it was willing to revisit the issue at a later time.

4.      The only ground Plaintiff has provided for denying Defendants' motion is "prejudice" allegedly stemming from having to oppose Defendants' anticipated summary judgment motion. Neither at the telephonic conference nor in the parties' Joint Statement did Plaintiff contend that Defendants were not diligent in trying to meet the deadlines set forth in the Court's scheduling order. Nor is diligence required since efficiency concerns supply the requisite good cause in this case. In any event, the declaration of Randy Dettmer, Defendants' architect, shows that Defendants have been diligent and could not have reasonably met the original pretrial deadlines -- as predicted by both parties at the outset

1

of the case.  Due to the voluminous nature of the construction-related documents, Defendants have not attached them to their motion, but they are available should the Court wish to see them.  Defendants have been producing all construction-related documents to Plaintiff as they receive them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 5th day of September, 2012, at Irvine, California.


/s/ Michael J. Chilleen
Michael J. Chilleen
Declarant

2

## <u>CERTIFICATE OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **3161 Michelson Drive, Suite 1000, Irvine, CA 92612.**

On the below date, I served **DECLARATION OF MICHAEL J. CHILLEEN IN SUPPORT OF  DEFENDANTS COVENANT CARE LLC, COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND REHABILITATION CENTER, and LA JOLLA - CAL ASSOCIATES L.P.'S MOTION TO MODIFY THE SCHEDULING ORDER** with the Clerk of the United States District Court for the Southern District, using the CM/ECF System.  The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Jordan Metz                                                  Attorneys for Plaintiff
Mary Lim                                                      DENNIS SHARP
Barbosa, Metz & Harrison, LLP
139 Richmond Street
El Segundo, CA  90245
Tel:    (310) 414-9400
Fax:    (310) 414-9200
jmetz@bhmlegal.com;
mlim@bhmlegal.com

☒    **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒    **(FEDERAL)**        I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court and at whose direction the service was made.

Executed on **September 5, 2012** at Irvine, California.

/s/ Michael J. Chilleen
Michael J. Chilleen

1