# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHARP,<br><br>       Plaintiff,<br><br>v.<br><br>COVENANT CARE LLC; COVENANT CARE LA JOLLA, LLC dba LA JOLLA NURSING AND REHABILITATION CENTER; LA JOLLA - CAL ASSOCIATES L.P.; and DOES 1 through 10, Inclusive,<br><br>       Defendants. | Case No. 11-cv-1379 CAB (WMc)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER**<br><br>[ECF No. 50.] |

## I. INTRODUCTION

On August 21, 2012, the Court held a telephonic discovery conference. [ECF Nos. 45, 47.] After hearing from counsel of record, the Court: (1) vacated the deadline to file motions for summary judgment pending further order of the Court; and (2) issued a supplemental briefing schedule on the issue of whether the Court should stay this litigation or modify the scheduling order in light of Defendants' planned modifications to the subject property. [ECF No. 46.] After careful consideration of the parties' positions at the telephonic discovery conference as well as the parties' supplemental briefing, the Court **DENIES** Defendants' Motion to Modify the Scheduling Order. [ECF No. 50.]

///

///

## II. STANDARD OF REVIEW

The Court will only modify dates set forth in a scheduling order upon a showing of good cause by the moving party. Specifically, Fed. R. Civ. P. 16 states:

**(b) Scheduling.**

(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge-or a magistrate judge when authorized by local rule-must issue a scheduling order:

(A) after receiving the report from the parties under Rule 26(f); or

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference or by telephone, mail, or other means.

(2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but in any event within the earlier of 120 days after any Defendant has been served with the complaint or 90 days after any Defendant has appeared.

(3) *Contents of the Order.*

(A) *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

(B) *Permitted Contents.* The scheduling order may:

(I) modify the timing of disclosures under Rules 26(a) and (e)(1);

(ii) modify the extent of discovery;

(iii) provide for disclosure or discovery of electronically stored information;

(iv) include any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced;

(v) set dates for pretrial conferences and for trial; and

(vi) include other appropriate matters

(4) *Modifying a Schedule.* **A schedule may be modified only for good cause and with the judge's consent.**

Accordingly, under Rule 16, the court is required to issue a scheduling order as soon as practicable, and the order "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3)(A).  Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). " Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  If the moving party fails to demonstrate diligence, "the inquiry should end." *Id.*  For example, good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted).

## III.  DISCUSSION

### A.  Defendants' Motion To Modify The Scheduling Order

Defendants  request a modification of the Court's Scheduling Order to allow additional time for the filing of a motion for summary judgment.[1]  Defendants' anticipated motion for summary judgment would be based on their remedial efforts to bring the subject property into compliance with the Americans with Disabilities Act ("ADA").  Construction began on the subject property on September 4, 2012. [Dettmer Decl., ECF No. 50-3.] In support of their motion, Defendants contend they were unable to complete construction before the August 24, 2012 motion cut-off date due to a slow permit approval process.  In addition, Defendants argue an extension of the motion filing deadline promotes efficiency within the court because the motion for summary judgment would address standing and mootness issues, thereby streamlining issues for trial.

In the alternative, Defendants urge the Court to stay the litigation to accommodate their construction schedule and set a status conference  in late November, 2012.

---

[1] The current pretrial motion cutoff date in this case was August 24, 2012. [ECF No. 35.] This deadline reflects an extension of the original pretrial motion date of June 25, 2012 and was jointly proposed by the parties. [ECF Nos. 25, 35.]

### B. Plaintiff's Opposition

Plaintiff argues Defendants have not been diligent in seeking a continuance and fail to demonstrate good cause to allow them more time under the Scheduling Order to file a motion for summary judgment. Specifically, Plaintiff notes Defendants' request for additional time to file a motion for summary judgment came only three days before the August 24, 2012 filing deadline. Plaintiff also argues the Court's Scheduling Order was in place for seven months and Plaintiff's demand for injunctive relief had been in Defendants' possession for 10 months before they requested an extension of the motion cut-off date. Plaintiff contends the delay in remediation efforts to the subject property is a result of Defendants' poor planning as they did not submit the architectural plans for barrier removal until May of 2012 and did not begin construction until September 4, 2012, eleven days *after* the motion cut-off date. Plaintiff argues allowing defendant additional time to complete construction and *then* file a motion for summary judgment, all in an effort to moot Plaintiff's claims, is inefficient and prejudicial.

### C. Defendants Have Failed to Demonstrate Good Cause to Modify The Scheduling Order

In this case, the Court has already given the parties and Defendants, in particular, sufficient time to identify the necessary items for remediation and begin construction on the property at issue. Specifically, the Complaint was filed on June 21, 2011; an Answer was filed on July 21, 2011; and an Early Neutral Evaluation Conference ("ENE) was scheduled for August 30, 2011. [ECF Nos.1, 6 and 8.] At the parties' request, the ENE was continued to September 22, 2011. A case management conference was held on November 10, 2011. The Court's normal course is to issue a Scheduling Order immediately after the case management conference.[2] However, because the parties represented to the Court that they were near settlement, the Court postponed issuing its Scheduling Order for two months and set a status conference for January 18, 2012. In the Order setting the status conference, the Court advised counsel to *"be prepared to discuss the progress of settlement as well*

---

[2] The Court notes the parties failed to assist the court with creating a workable scheduling order at the November 10, 2011 conference. The Joint Case Management Conference Statement submitted in advance of the CMC suggested the Court engage in a 9-month-long course of periodic status conferences only with no input as to reasonable deadlines for discovery or pretrial motions.

*as proposed pretrial deadlines in the event settlement cannot be achieved."* [ECF No. 16.] In keeping with the allowance of time to negotiate settlement, Plaintiff states that by the time the Court sent its November 28, 2011 order allowing the parties additional time to negotiate, the Defendants had already received Plaintiff's demand[3] for injunctive relief. [ECF No. 51 at 2.]

The Court also gave the parties additional time to file dispositive motions in May of this year in response to a joint request to continue the filing of pre-trial motions for 60 days. [ECF No. 35.] On May 23, 2012, the Court granted the motion for additional time and continued the original deadline for filing pretrial motions from June 25, 2012 to August 24, 2012. [ECF No. 37.] Two weeks earlier, on May 9, 2012, Defendants had submitted construction documents and applications to the Office of Statewide Health and Development. [ECF No. 50-3.] Even though it is clear Defendants knew the extent of the work they were going to perform on the subject property by May 9, 2012 at the latest, they only asked for a 60-day continuance of the pretrial filing deadline in the May 21, 2012 joint motion. [ECF No.35.]

Defendants have not shown that their inability to comply with the scheduling order's deadlines results from a situation not reasonably foreseeable at the time the scheduling order issued. Defendants possessed Plaintiff's detailed demand for injunctive relief since November, 2011 and were given two months of additional time by the Court to work with Plaintiff to resolve the ADA claims before a scheduling order issued in January, 2012. Moreover, in May 2012, when Defendants were clearly aware of the construction work necessary to remediate the property, they did not inform the Court that the work they intended to do could not be completed *before* the jointly requested August 24, 2012 pretrial motion cutoff date. Instead, Defendants waited until three days before the August 24, 2012 filing deadline to request a continuance or stay. Defendants were not diligent in seeking a modification once it became apparent they could not comply with the scheduling order.

Defendants ask the Court to follow the district court's decision in *Sanford v. Capital City Restaurants, Inc*., 2006 WL 5003842 (E.D. Cal.), an unpublished decision from the Eastern District of California. In *Sanford*, the plaintiff alleged the facilities at the defendants' restaurant violated the Americans with Disabilities Act. In response, the defendants moved to stay the case on the ground

---

[3]Plaintiff made its demand for injunctive relief on or about November 8, 2011. [ECF No. 51.]

that they planned to demolish and rebuild the restaurant thereby mooting the plantiff's ADA claims. The *Sanford* Court granted the defendants' motion reasoning: "[w]hen the building is being demolished and rebuilt, plaintiff will have no legally cognizable interest in obtaining an injunction against defendants *to do what they are already doing* - i.e., ensuring that their restaurant is in compliance with the ADA." *Id.* at *2. What distinguishes the *Sanford* case from the instant matter is that the defendants in *Sanford* possessed plans to remediate the restaurant *before* Plaintiff's complaint was filed. "Defendants had previously settled a lawsuit involving ADA violations at the same restaurant, brought by another plaintiff." *Id*. at *1. The court invoked its discretion to stay the matter *in order to promote the terms of the prior settlement* which would efficiently resolve the issues raised in the newly-filed ADA case. Essentially, the *Sanford* court stayed the proceedings *at the beginning of the case* to allow the defendants time to complete what had already been in the works as a result of a settlement in a previous ADA case which litigated the very issues the new Plaintiff raised in the later action.

      The *Sanford* court did not issue a stay designed to moot an ADA plaintiff's claims in a matter such as this, where: (1) the case has gone on for more than a year of vigorous litigation, and (2) Plaintiff's ADA claims were unaddressed by Defendants at the time the complaint was filed. To stay this action or to again continue the pretrial motion filing deadlines would be inefficient. There is no guarantee that the work will be done by November 16, 2012, or that the work will be done correctly. Plaintiff's counsel has indicated the case is ready for trial and argues Plaintiff should not have to incur the additional fees and costs of a litigation stay which would undermine Plaintiff's right to be compensated for combating ADA discrimination. Further, granting Defendants' request encourages defendants in ADA cases to wait as long as possible before remedying structures in violation of the ADA. Here, Defendants are not requesting a modification to allow them to complete discovery, locate witnesses or otherwise prepare for trial. Rather, Defendants want a continuance of this Court's Scheduling Order to complete modifications to their facility so as to moot Plaintiff's claims which were valid at the time of the complaint's filing and apparently remain valid at the present time. Defendants' legal strategy breeds delay and inefficiency in litigated ADA cases. Defendants' motion to modify the scheduling order is, therefore, **DENIED.**

**IV. CONCLUSION AND ORDER THEREON**

Defendants failed to demonstrate their diligence or good cause required to modify the Court's January 23, 2012 Scheduling Order as required by Rule 16. The motion to modify the scheduling order is **DENIED**.

**IT IS FURTHER ORDERED** that the August 24, 2012 pre-trial motion filing deadline vacated by the Court pending receipt of the parties supplemental briefing is hereby reinstated. The deadline has passed and no further pretrial motions shall be accepted for filing.

**IT IS SO ORDERED.**

DATED: September 21, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court